Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2107 | **DATE** | 4/12/2001 |
| **CASE TITLE** | Martin vs. City of Joliet, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Motion to dismiss [39] and motion to dismiss [37] are granted in part and denied in part. The court dismisses Counts II, III and IV of plaintiff's amended complaint. Defendant's must answer Counts I and V by 5/3/01. The in-court ruling date of 4/26/01 is stricken. Scheduling conference/status hearing set for 5/10/01 at 9:30 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 13 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 4/12/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MD | courtroom deputy's initials | 01 APR 12 PM 3:15 Date/time received in central Clerk's Office | MD7 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK J. MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 00 C 2107 |
| SPECIAL AGENTS OR AGENTS JEFF PURVIS, BRIAN BENTON, CARDIN, KARCESKI, D. KILLIAN, POLY, PIPER AND POLICANDRIOTIS, SERGEANT HERNANDEZ, AND OFFICERS ROSADO, DUPUIS, SOUTHARD, AMBROSINI, MAY AND JENSEN, | ) |
| Defendants. | ) |



## MEMORANDUM OPINION & ORDER

Presently before the court are two motions to dismiss plaintiff's five count amended complaint[1] brought against the above-captioned "Special Agents" or "Agents" Purvus, Benton, Cardin, Karceski, Killian, Poly, Piper, and Policandriotis ("the Agents"), Sergeant Hernandez, and officers Rosado, Dupuis, Southard, Ambrosini, May, and Jensen (the "Officers"), all alleged to be City of Joliet police officers and employees of Joliet or agents of MANS[2] or Will County. Count I alleges violation of plaintiff's Fourteenth Amendment due process rights and the remaining counts are all pendent state law claims. Count II alleges violation of plaintiff's due

---

[1]Although plaintiff's amended complaint contains six counts, plaintiff withdrew count VI on December 11, 2000. Count VI was against the City of Joliet, County of Will and MANS and based on a *respondeat superior* theory of liability.

[2]Plaintiff alleges that MANS "is a metropolitan agency, whose function is to enforce the drug laws and to arrest and prosecute drug offenders." (Compl. at ¶ 5.)

process rights under the Illinois Constitution, count III alleges battery, count IV alleges malicious prosecution, and count V alleges false arrest. All defendants except agent Poly move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.[3] (The Agents moved separately from Sergeant Hernandez and the Officers.) Plaintiff failed to respond to either motion, and, therefore, defendants' motions may be decided without benefit of a response. *See* Local Rule 78.3 (Failure to file an answering memorandum shall not be deemed a withdrawal of opposition to a motion, but the court on its own motion may grant the motion without further hearing.) For the reasons articulated below, the court grants in part and denies in part defendants' motions.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke* v. *City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

---

[3] The court docket in this case neither reflects that defendant Poly has been served, that defendant Poly waived service, nor that any attorney has filed an appearance on defendant Poly's behalf.

2

## BACKGROUND

Plaintiff's complaint alleges the following: on April 6, 1999, defendants entered the residence of plaintiff's friend, where plaintiff was visiting, conducted a search and asked plaintiff to lie on the floor. Plaintiff was unable to lie on the floor, however, because of the presence of another individual, and, as a result, one defendant Officer kicked plaintiff and dislocated his shoulder. Although plaintiff was charged with obstruction of justice, the prosecutor later dismissed this charge by entry of *nolle prosqui* declaration.

## DISCUSSION

The Agents argue in their motion that plaintiff's count I due process claim must be brought under the Fourth, not the Fourteenth, Amendment of the United States' Constitution, because the claim is one for excessive force in arrest. Plaintiff's complaint, the Agents continue, fails to allege that any of the defendant's conducted an unreasonable search and seizure, however, and warrants dismissal. Moreover, the Agents claim that counts II through V are barred by the applicable statute of limitations, and, additionally, that once count I is dismissed, the pendent state law claims of counts II through V should also be dismissed for lack of independent federal subject matter jurisdiction. Sergeant Hernandez and the Officers argue that count I fails because plaintiff has not identified the deprivation of any liberty or property interest, that counts II through IV are barred by the applicable statute of limitations, and that plaintiff does not allege the requisite elements of a malicious prosecution claim in count V.

3

## Count I

While it is true that plaintiff's count I claim must be analyzed (though not necessarily "brought") under the Fourth Amendment's objective reasonableness standard, *see Graham v. Connor*, 490 U.S. 386, 395 (1989),[4] this court cannot conclude that plaintiff's allegations, taken as true, fail to state a claim upon which relief may be granted under this standard. "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. Plaintiff's complaint contains enough allegations to state an excessive force claim under the Fourth Amendment. He alleges that although he was physically prevented from complying with an officer's command to lie on the ground, the officer kicked plaintiff's shoulder with such force as to dislocate it. As counseled by the Seventh Circuit, "a complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992) (internal quotation marks and citations omitted). In addition, plaintiff's excessive force claim is not deficient because he fails to identify the officer who kicked him. As the Seventh Circuit explained in *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000),

---

[4] In *Graham*, the Supreme Court held that "*all* claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Id.* (emphasis in original).

4

> while it is true that a plaintiff must establish a defendant's personal responsibility for any claimed deprivation of a constitutional right, a defendant's direct participation in the deprivation is not required. An official satisfies the personal responsibility requirement of § 1983 if she acts or *fails to act* with a deliberate or reckless disregard of the plaintiff's constitutional rights. Under this rule, police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so have been held liable.

(citations and internal quotation marks omitted). Because plaintiff states a claim for excessive under the Fourth Amendment, the court will deny the motion to dismiss count I.

**Counts II through IV**

Illinois law provides a one years statute of limitations for state law "civil action[s] . . . commenced in any court against a local entity or any of its employees." 745 ILCS § 10/8-101. Plaintiff filed his original complaint on April 6, 2000, naming only the City of Joliet, County of Will, MANS, and John Doe and Other Unnamed Police Officers of the City of Joliet. On July 21, 2000, approximately three and a half months after the applicable statute of limitations ran for claims arising out of conduct occurring on the night plaintiff was allegedly kicked, plaintiff filed the present amended complaint naming the current defendants. Federal Rule of Civil Procedure 15(c)(3) governs relation back of an amended complaint to the date of the original filing when the amended complaint changes a party name or names a new party.[5] The Seventh Circuit has

---

[5] Rule 15(c) provides in pertinent part:

**Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to

5

"consistently held that Rule 15(c)(3) does not provide for relation back under circumstances . . . in which the plaintiff fails to identify the proper party." *King* v. *One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (citing, among other cases, *Baskin* v. *City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)). As such, counts II through IV will be dismissed.

**Count V**

As Sergeant Hernandez and the Officers note, plaintiff's complaint fails to state the date on which plaintiff was prosecuted. The court, therefore, cannot assess whether count V is barred by the one-year statute of limitations stated above and will address the question whether plaintiff has stated a claim under Illinois law.[6] Malicious prosecution in Illinois requires a plaintiff to "allege facts showing (1) the commencement or continuance of an civil or criminal judicial proceeding by the defendant, (2) the termination of the proceeding in the plaintiff's favor, (3) the absence of probable cause for the proceeding, (4) the presence of malice, and (5) damages to the plaintiff resulting from the commencement or continuance of that proceeding." *Rodgers* v. *Peoples Gas, Light & Coke Co.*, 733 N.E.2d 835, 840 (Ill. App. Ct. 2000). Although plaintiff's amended complaint fails to specifically allege either the absence of probable cause or the presence of malice, the court can infer both these elements from the facts alleged. And while the absence of proof of any of these elements will bar recovery, *see, e.g., Adams* v. *Sussman &*

---

be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

[6]While both motions appear to assert the statute of limitations as a reason to dismiss this claim, neither sought to inform the court of the date on which plaintiff's claim accrued. As such, this question cannot be decided on a motion to dismiss although summary judgment may be appropriate at a later time.

6

*Hertzberg, Ltd.*, 684 N.E.2d 935, 943 (Ill. App. Ct. 1997), plaintiff has alleged enough facts to satisfy the liberal notice pleading standards of Federal Rule of Civil Procedure 8. Count V, therefore, will not be dismissed.

### CONCLUSION

For the above-stated reasons, the Agents' motion to dismiss [# 39] and Sergeant Hernandez and the Officer's motion to dismiss [#37] are granted in part and denied in part. The court dismisses counts II, III, and IV of plaintiff's amended complaint. Defendants must answer counts I and V by May 3, 2001. The in court ruling date of April 26, 2000 is hereby stricken. A scheduling conference in this matter will be held on May 10, 2001, at 9:30 a.m.

Date: April 12, 2001     Enter: _____
                                JOAN HUMPHREY LEFKOW
                                United States District Judge